USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 - 15 - 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FERNANDO ZAMORA,                                       :         19 Civ. 1506 (GBD) (RWL)
On behalf of himself, and                              :
others similarly situated,                             :
                                                       :         **DECISION AND ORDER:
                                                       :         MOTION FOR CONDITIONAL
                                                       :         <u>COLLECTIVE CERTIFICATION</u>**
                                      Plaintiffs,      :
                                                       :
                  - against -                          :
                                                       :
L PLUS L PRODUCTIONS LLC,                              :
Dba OFRENDA RESTAURANT,                                :
Or any other business entity doing business as        :
OFRENDA RESTAURANT, located at                         :
113 7th Avenue South, New York, NY 10014               :
                                                       :
                                      Defendants.      :
------------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff filed this action against Defendants claiming violations of wage and hours laws under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is Plaintiff's motion for an order (1) conditionally certifying his FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b); (2) requiring Defendants to produce, within 14 days, contact information for all potential collective action members who worked at Defendants' restaurant for the three year period prior to Plaintiff filing the complaint; and (3) approving his proposed form of notice ("Notice") and authorizing the same to be disseminated to potential members of the collective by first class mail as well as requiring Defendants to post the Notice in the restaurant where employees are likely to view it.  For the reasons that follow, Plaintiff's motion is GRANTED in part and DENIED in part.

**Relevant Background[1]**

Defendants operate a restaurant in New York City called Ofrenda.   From December 15, 2014 through January 13, 2019, Defendants employed Plaintiff Zamora as a "food preparer/cook." (Compl. ¶¶ 8, 15-16.) Zamora claims that he worked more than 40 hours per week and that, among other violations of the FLSA and NYLL, the Defendants willfully failed to pay him minimum wage, overtime pay and "spread-of-hour" pay. (Compl. ¶¶ 11-13, 17-22.)

Zamora claims that he was not the only one of Defendants' employees subject to wage and hour violations.   Rather, Zamora claims that Defendants operated their restaurant with a policy of not paying compensation due under the law. (Compl. ¶¶ 25-27.) Zamora states that he has "personal knowledge based upon observations and conversations with coworkers" that there are "many other employees who do work that is similar to what I did" and that those employees also worked more than 40 hours per week without receiving overtime pay. (Zamora Aff. ¶¶ 9, 13.)    Zamora refers to three co-workers as not receiving overtime pay although they each worked more than 40 hours per week. (*Id.* ¶¶ 11-12.) Two of those co-workers, "Gustavo" and "Arturo," washed dishes; the third, "Rosalindo," worked as a "cleaner and dishwasher." (*Id.*)

---

[1] The factual background is drawn from Plaintiff's Complaint (Dkt. 1) and the affidavit of Fernando Zamora dated June 3, 2019 (Dkt. 11) ("Zamora Aff."), the declaration of Jorge Guzman dated July 9, 2019 (Dkt. 17-3) ("Guzman Decl."), and the notarized affidavit of Fabian Octaviano dated September 27, 2019 (Dkt. 26-1) ("Octaviano Aff."). In opposing this motion, Defendants submitted a declaration purportedly from Octaviano dated July 16 (presumably 2019) providing information that is squarely inconsistent with statements in Octaviano's September 27 affidavit.   In his affidavit, Octaviano disavowed the declaration, which was written in English but not translated for him. For purposes of this motion, the Court accepts the information provided in Octaviano's September 27 affidavit as true but does not resolve any factual dispute or assess credibility.

Zamora also specifically names Fabian Octaviano "who worked with me in the kitchen" as another employee who worked more than 40 hours a week and did not receive overtime compensation. (Zamora Aff. ¶ 10.) Octaviano confirms that he worked with Zamora in the kitchen cooking and preparing food. (Octaviano Aff. ¶ 2.) Octaviano asserts that he worked approximately 56 hours per week and that he did not receive overtime pay or spread-of-hours pay. (Octaviano Aff. ¶¶ 4, 6-8.)

### Legal Standards for Certification of Collective Action

**A.     The FLSA and Section 216(b) Collective Actions**

The FLSA was enacted to remediate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA requires that any employee who is not statutorily exempt be paid at least the federal statutory minimum wage for the first 40 hours of work in a given week, 29 U.S.C. § 206(a), and that they receive "a rate not less than one and one-half times the regular rate at which he is employed" for overtime, or time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). "Under neither [the FLSA or the NYLL] will a fixed salary be deemed to include an overtime component in the absence of an express agreement." *Francois v. Mazer*, No. 09 Civ. 3275, 2012 WL 653886, at *4 (S.D.N.Y. Feb. 28, 2012) (citing *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 WL 2541698, at *2 (S.D.N.Y. June 23, 2010)).

The FLSA allows workers to initiate collective actions to recover minimum and overtime wages on behalf of similarly situated employees. *See* 29 U.S.C. § 216(b). The statute provides in pertinent part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any

> one or more employees for and in behalf of himself or themselves and other employees similarly situated.   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in court in which such action is brought.

29 U.S.C. § 216(b).

Designating a collective in an FLSA action differs from certification of a class action under Rule 23 of the Federal Rules of Civil Procedure in that potential FLSA collective members must affirmatively opt into the litigation, rather than opt out.  *See Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17 Civ. 273, 2018 WL 1737726, at *2-3 (S.D.N.Y. March 26, 2018) (discussing the differences between an FLSA collective action and a Rule 23 class action); *Contrera v. Langer*, 278 F. Supp. 3d 702, 713 (S.D.N.Y. 2017) (same).  Moreover, a proposed FLSA collective action need not meet the Rule 23 prerequisites of numerosity, typicality, commonality, and representativeness.  *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 111 (S.D.N.Y. 2015); *see also Lianhua Weng*, 2018 WL 1737726, at *2; *Contrera*, 278 F. Supp. 3d at 713.

**B.     The Two-Step Collective Certification Process**

The FLSA itself "does not prescribe any procedures for approval of collective actions." *Contrera*, 278 F. Supp. 3d at 712 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).  However, "district courts 'have discretion, in appropriate cases, to implement [Section 216(b) ] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (alterations in original) (quoting *Hoffmann-La Roche*, 493 U.S. at 169). "Orders authorizing notice are sometimes referred to as orders 'certifying' a collective action, even though the FLSA does not contain a

certification mechanism." *Contrera*, 278 F. Supp. 3d at 712 (citing *Myers*, 624 F. 3d at 555 n.10).

The Second Circuit has endorsed a two-step method used by district courts in determining whether to exercise their discretion to certify a collective action under Section 216(b) and to permit notice to be sent to potential opt-in plaintiffs. *Myers*, 624 F.3d at 554-55 (referring to the two-step process as "sensible"); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) ("In *Myers*, we endorsed a two-step process for certifying FLSA collective actions"); *Hamadou v. Hess Corporation, et al.*, 915 F. Supp. 2d 651, 660-61 (S.D.N.Y. 2013) (discussing and applying the two-step process); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (same).

At the first step – the present stage of this litigation – a district court may "mak[e] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555; *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Thus, "[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Sbarro*, 982 F. Supp. at 261 (citing 29 U.S.C. § 216(b)).

Though "[n]either the FLSA nor its implementing regulations define the term 'similarly situated, . . . courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.*; *Myers*, 624 F.3d at 555 (quoting *Sbarro*). Employees identified as similarly situated to named plaintiffs need not be "identical in [to them] all respects," *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294,

323 (S.D.N.Y. 2011)*, reversed on other grounds*, 533 F. App'x 11 (2d Cir. 2013).  It follows that "courts may conditionally certify collectives of individuals with a variety of job titles, but only where a common unlawful policy is shown." *Liping Dai v. Lychee House, Inc.*, No. 17 Civ. 6197, 2018 WL 4360772, at *10 (S.D.N.Y. Aug. 29, 2018).

At the second stage of certification, which occurs at a future juncture, "with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.3d at 555); *see Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17 Civ. 7066, 2019 WL 699179, at *5 (S.D.N.Y. Feb. 5, 2019) ("After discovery is complete, the court will evaluate the full record before it, in order to determine whether the opt-in plaintiffs are, in fact, similarly situated") (citing *Fasanelli*, 516 F. Supp. 2d at 321).  At the second stage, "[t]he action may be 'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

### C.    Plaintiff's Burden to Demonstrate Similarly Situated Members

At the conditional certification stage, although a plaintiff's "modest factual showing cannot be satisfied simply by unsupported assertions," *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) (internal quotations omitted), "[t]he burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Sbarro*, 982 F. Supp. at 261; *see also Hamadou*, 915 F. Supp. 2d at 661-62 (describing the burden as "very low" or "minimal") (quoting *Raniere*, 827 F. Supp. 2d at 319, and *Damassia*, 2006 WL 2853971, at *3).  "The

leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (citing *Sbarro*, 982 F. Supp. at 262).

Plaintiffs can meet their burden at the conditional certification stage by "relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hamadou*, 915 F. Supp. 2d at 661 (quoting *Raniere*, 827 F. Supp. 2d at 319).  For this initial stage, courts "regularly rely on . . . hearsay statements in determining the propriety of sending notice."  *Salomon v. Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012).  Although a plaintiff's allegations and factual assertions need not contain a high level of specificity, they "cannot be entirely conclusory."  *Liping Dai*, 2018 WL 4360772, at *4 (citing *Morales*, 2006 WL 278154, at *2-3); *see also Romero v. H.B. Automotive Group, Inc.,* No. 11 CV 386, 2012 WL 1514810, *10 (S.D.N.Y. May 1, 2012) ("Conclusory allegations are not enough to satisfy this burden [for conditional certification].")

"In ascertaining whether potential opt-in plaintiffs are similarly situated" at the conditional certification stage, "courts should not weigh the merits of the underlying claims." *Hamadou*, 915 F. Supp. 2d at 662 (citing *Lynch v. United Services Auto Ass'n*, 491 F. Supp. 2d 357,  368 (S.D.N.Y. 2007)).  "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Lynch*, 491 F. Supp. 2d at 368; *see also Fasanelli*, 516 F. Supp. 2d at 322 (the "preliminary documents" assessed at the first stage of certification "necessarily contain unproven allegations").

In the event a plaintiff's factual allegations are sufficient with respect to only a subset of employees within their proposed collective, "[c]ourts performing the collective action certification inquiry have discretion to certify a different group of individuals than that sought by the plaintiff." *Guan Ming Lin v. Benihana National Corp.*, 275 F.R.D. 165, 172 (S.D.N.Y. 2011); *see, e.g.*, *Genxiang Zhang*, 2019 WL 699179, at *7-8 (granting conditional certification, but narrowing the job categories included in the collective); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946, 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014) (same).

## Zamora Has Not Met His Burden for Conditional Certification

Zamora seeks conditional certification of a collective of all "all current and former non-managerial employees" employed by Defendants during the relevant time period. (Dkt. 10 (Notice of Motion.))  Applying the legal standards set forth above, the Court finds that Zamora has not carried his burden at this first stage.

To begin, Zamora's allegations of similarly situated employees are purely conclusory.  Zamora claims to have "personal knowledge" based on conversations with and observations of other employees, but he does not identify any particular conversation or observation.  He asserts that other employees worked more than 40 hours per week and did not receive overtime pay, but he nowhere sets forth the hours worked by anyone else or the amount of pay they received.  These general, uncorroborated assertions with no detail are insufficient to support conditional certification. *Myers*, 624 F.3d at 555; *She Jian Guo*, 2014 WL 5314822 at *3 (declining to conditionally certify broad collective other than delivery persons due to plaintiffs' vague, conclusory and unsupported allegations about other employees); *Sanchez v. JMP Ventures, L.L.C.,* No. 13 Civ. 7264, 2014 WL

465542, *2 (S.D.N.Y. Jan. 27, 2014) (denying certification of expansive class of all tipped employees where plaintiff failed to provide any detail as to a single observation or conversation).  As aptly put by the court in *Sanchez*:  a "list of generalized allegations that have been molded into a declaration" are "precisely the kind of unsupported assertions and conclusory allegations that courts in [the Southern] District have found to be insufficient to conditionally certify a class under 216(b).".  2014 WL 465542, at *2.

Zamora names four other employees that he claims were similarly situated to him. He identifies three by only their first name, which is not necessarily a shortcoming unto itself.  *See, e.g.*, *Guzman v. VLM, Inc.*, No. 07 CV 1126, 2007 WL 2994278, at *1 n.2-3 (E.D.N.Y. Oct. 11, 2007) (granting conditional certification where plaintiffs' affidavits identified similarly situated employees primarily by first names, nicknames, or nationalities).  However, by Zamora's own admission, three of the four employees he identifies were dishwashers and cleaners.  None of them held the same type of position as Zamora, who cooked and prepared food, and no non-conclusory facts have been set forth to indicate that those other employees were subject to a common wage policy with Zamora. *See Fernandez v. Sharp Management Corp.*, No. 16 Civ. 0551, 2016 WL 5940918, *4 (S.D.N.Y. Oct. 13, 2016) (granting certification as to superintendents but not other apartment building personnel such as security staff, porters and janitors); *Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 549-550 (S.D.N.Y. 2015) (granting certification as to food preparers and delivery persons but denying certification as to other employees who performed different non-exempt job functions).

The remaining employee identified by Zamora – Octaviano – was a cook and food preparer and thus held a similar position as Zamora.  Like Zamora, Octaviano claims to

have worked more than 40 hours per week without receiving overtime pay. (Octaviano Aff. ¶ 7.) Unlike Zamora, however, Octaviano makes no assertion regarding treatment of other employees (aside from Zamora). In other words, although Zamora and Octaviano corroborate each other in having worked over 40 hours without overtime pay, Zamora's general, conclusory statements about employees beyond himself and Octaviano remain uncorroborated.

In short, Zamora has not met his burden to demonstrate that there are potential plaintiffs similarly situated to him other than Octaviano. Ofrenda no doubt employed additional cooks besides Zamora and Octaviano. Indeed, Defendants admit that at any point in time the restaurant employs four cooks. (Guzman Decl. ¶ 2.) Zamora's assertions, however, remain overly conclusory and therefore insufficient to meet even the modest showing required to obtain conditional collective certification. "[C]onditional certification is not appropriate where," as here, "a plaintiff 'provides no details about [his] conversations [with other employees] and provides no affidavits from any other employees corroborating [his] claims.'" *Huertero-Morales v. Raguboy Corp.*, No. 17 CV 2429, 2017 WL 4046337, at *3 (Sept. 12, 2017) (denying certification where plaintiff alleged policy of improper time shaving based on conversations with five other employees but provided no support other than his own declaration and did not provide any specifics about the conversations) (citing *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009)); *see also, e.g., Guan Ming Lin v. Benihana National Group*, 755 F. Supp. 2d 504, 512-13 (S.D.N.Y. 2015) (denying certification where plaintiff generally stated that he observed other employees who did work that was the same or similar as his but were not reimbursed); *Morales*, 2006 WL

278154, *2-3 (S.D.N.Y. Feb. 2, 2006) (denying preliminary certification because, among other reasons, the only support for plaintiffs' claim that they were subject to a common policy of being denied overtime was the assertion that there were "over 20 current and former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants."*); Barfield v. New York City Health & Hospitals. Corp.*, No. 05 CIV. 6319(JSR), 2005 WL 3098730, at *1 (S.D.N.Y. Nov, 18, 2005) (denying conditional certification where the plaintiff alleged that, based on "limited anecdotal hearsay," other nurses were not paid overtime); *Levinson v. Primedia Inc.*, No. 02 CIV 2222(CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov.6, 2003) (denying conditional certification where the plaintiffs alleged that they were not paid minimum wage or overtime, but provided no factual evidence other than conjecture contained in the plaintiffs' affidavits that other employees were subject to the same pay policies).[2]

### Discovery of Employee Contact Information is Appropriate at This Time

Although there is no basis at this time to conditionally certify a collective class, Zamora may have leave to renew following additional discovery.

"Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the [conditional certification] threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date." *Guan Ming Lin,* 755 F. Supp. 2d at 513; *see also Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952, at *3-5 (S.D.N.Y. Jan.

---

[2] In the absence of conditional certification, Octaviano can join this action as an additional plaintiff. The Court grants Plaintiff permission to amend the Complaint for that purpose.

30, 2009) (denying FLSA collective action certification but granting leave to renew motion once further discovery had been completed); *Flores v. Osaka Health Spa, Inc.*, No. 05 Civ. 962, 2006 WL 695675, at *4 (S.D.N.Y. March 16, 2006) (denying certification but ordering defendants to disclose names of all employees with plaintiff's job title during three-year period immediately preceding filing of action); *Morales*, 2006 WL 278154, at *3 (denying collective action certification but granting plaintiffs' motion for release of names and last known addresses of defendants' employees from previous three years).

Here, Zamora alleges that Defendants have violated the FLSA and NYLL not only with respect to him but also to additional employees. Although the facts presented do not sufficiently demonstrate the existence of a common policy on the part of Defendants such that collective action certification is warranted at this time, additional facts may emerge during discovery that further supplement Zamora's certification claims. The Court therefore denies certification without prejudice to renew at a later time and orders Defendants to produce contact information for all cooks and food preparers employed at Ofrenda during the three-year period preceding the Complaint.

### Conclusion

For the foregoing reasons, Plaintiff's motion to conditionally certify an FLSA collective action is DENIED without prejudice to renew.  Within 14 days of entry of this Order, Defendants shall produce contact information (last known name, telephone number, address and email address) for employees for all cooks and food preparers employed at Ofrenda from July 26, 2016 to the present.  Additionally, Plaintiff may amend the Complaint to join Octaviano as a plaintiff; Plaintiff shall file any such amended pleading within 14 days of entry of this Order.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      October 15, 2019
            New York, New York

Copies transmitted to all counsel of record.