UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO ZAMORA and,
FABIAN OCTAVIANO MARCELINO,
on behalf of themselves, and others
similarly situated,

                 Plaintiff,

  - against -

L PLUS L PRODUCTIONS LLC,
*dba* OFRENDA RESTAURANT;
or any other business entity doing business as
OFRENDA RESTAURANT, located at
113 7th Avenue South, New York, New York 10014,
and JORGE GUZMAN, individually,

                 Defendants.

Case No.: 19 CV 1506
(GBD)(RWL)

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIMS PURSUANT TO
FED. R. CIV. P. 12(b)(1) and 12 (b)(6)**

## CILENTI & COOPER, PLLC

### ATTORNEYS AT LAW

10 Grand Central
155 East 44th Street - 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................................i-ii

I.  RELIEF SOUGHT........................................................................................1

II. BACKGROUND .........................................................................................1

III. ARGUMENT...............................................................................................2

      A.     DEFENDANT'S COUNTERCLAIMS MUST BE DISMISSED
            UNDER RULE 12(b)(1) FOR LACK OF SUBJECT MATTER
            JURISDICTION.......................................................................2

              1.    DEFENDANT'S COUNTERCLAIMS ARE NOT
                     COMPULORY UNDER RULE 13..........................................3

              2     SUPPLEMENTAL JURISDICTION IS LACKING
                     BECAUSE THE COUNTERCLAIMS ARE NOT
                     "SO RELATED" TO PLAINTIFF'S FLSA CLAIMS THAT
                     THEY FORM THE SAME CASE OR CONTROVERSY .........4

      B.     DEFENDANT'S COUNTERCLAIMS SHOULD BE DISMISSED
            WITH PREJUDICE FOR FAILURE TO STATE A CLAIM..............5

              1.    Cause of Action One – Defamation ....................................5

              2     Cause of Action Two – Fraud .............................................6

              3.    Cause of Action Three – Intentional Infliction of
                     Emotional Distress...............................................................7

      C.     DEFENDANT'S COUNTERCLAIMS ARE RETALIATORY............7

IV. CONCLUSION............................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Achtman v. Kirby, McInerney & Squire*, 464 F.3d 328 (2d Cir. 2006)................4

*Akpinar v Moran*, 83 AD3d 458, 922 NYS2d 8 [1st Dept. 2011],
    *lv denied* 17 NY3d 707, 954 NE2d 89, 929 NYS2d 798 [2011]....................5

*Armstrong v Simon & Schuster*, 85 NY.2d 373, 649 NE2d 825,
    625 NYS.2d 477 [1995]............................................................................5

*Aronson v Wiersma*, 65 NY.2d 592,  483 NE2d 1138,
    493 NYS.2d 1006 [1985]........................................................................5

*Cohen v Houseconnect Realty Corp.*, 289 AD.2d 277,
    734 NYS.2d 205 [2d Dept 2001]............................................................7

*Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435,
    166 NE2d 319, 199 NYS2d 33 [1960]....................................................5

*Golub v Enquirer/Star Group*, 89 NY.2d 1074, 681 NE.2d 1282,
    659 NYS.2d 836 [1997].........................................................................5

*Greschler v Greschler*, 51 NY.2d 368,  414 N.E.2d 694,
    434 NYS.2d 194 [1980].........................................................................6

*James v Gannett Co.*, 40 NY.2d 415, 353 NE2d 834,
    386 NYS.2d 871 [1976]..........................................................................5

*Larson v Albany Med. Ctr.*, 252 AD2d 936,
    676 NYS2d 293 [3d Dept 1998].............................................................5

*Makarova v. United States,* 201 F.3d 110 (2d Cir. 2000)..............................2, 3

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC,*
    9 AD.3d 273, 798 NYS.2d 14 [1st Dept 2005]........................................6

*Ozawa v. Orsini Design Assoc.,*
    2015 U.S. Dist. LEXIS 29933 (S.D.N.Y. 2015)........................................4

*P.T. Bank Cent. Asia, NX Branch v ABN AMRO Bank N.V.,*
    301 AD2d 373 [1st Dept 2003]..............................................................6

*Rabouin v Metropolitan Life Ins. Co.*, 307 AD.2d 843,
    763 NYS.2d 576 [1st Dept 2003].............................................................7

*Shea v Hambros PLC,* 244 AD.2d 39, 673 N.Y.S.2d 369 [1st Dept 1998])…..6

*Small v Lorillard Tobacco Co.*, 94 NY.2d 43, 720 NE.2d 892,
    698 NYS.2d 615 [1999]………………………………………………………………6

*Talbot v Johnson Newspaper Corp.*, 124 AD2d 284,
    508 NYS2d 80 [3d Dept 1986] ……………………………………………5-6

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)………………………………4

*Williams v Sidley Austin Brown & Wood, L.L.P.*,
    15 Misc.3d 1125[A], 841 N.Y.S.2d 222, [Sup Ct, NY County 2007]…….6

*Zaref v Berk & Michaels, P.C.*, 192 AD.2d 346,
    595 NYS.2d 772 [1st Dept 1993]………………………………………………7

**Statutes**

*29 U.S.C. § 215(a)(3)*……………………………………………………………7

*29 U.S.C. § 1367(a)*… … … … … … … … … … … … … … … … … … … …4

*NY CPLR 3016(b)*… … … … … … … … … … … … … … … … … … … … … 6

*FRCP 12(b)(1)* … … … … … … … … … … … … … … … … … … … … …2

## I. RELIEF SOUGHT

Plaintiff Fabian Octiviano Marcelino ("plaintiff"), by and through his attorneys, Cilenti & Cooper, PLLC, respectfully moves this court pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss Defendant L Plus L Productions LLC dba Ofrenda Restaurant's (herein, "defendant's") counterclaims. In its answer to plaintiff's amended complaint alleging violations of federal and New York State wage and hour laws, defendant asserted three (3) state law counterclaims against plaintiff for: (1) defamation; (2) fraud; and (3) intentional infliction of emotional distress.

This court lacks subject matter jurisdiction over the state law counterclaims because (1) there is no connection between the counterclaims and plaintiff's federal claims which would support a finding that such claims are compulsory under Rule 13 of the Federal Rules of Civil Procedure; and (2) defendant's counterclaims are not "so related" to plaintiff's FLSA claims that they form part of the same case or controversy, which is a prerequisite to the exercise of supplemental jurisdiction over the counterclaims.

Furthermore, defendant's counterclaims should be dismissed for failure to state a claim, as defendant failed to allege facts supporting essential elements of the purported causes of action.

## II. BACKGROUND

Plaintiff Fabian Octaviano alleges he worked in the kitchen at Ofrenda Restaurant in Manhattan during approximately four (4) years. During his employment, plaintiff alleges he worked over forty (40) hours per week, and was not paid an overtime premium for hours worked in excess of forty (40) each week. To confuse his hours and wages, defendant paid plaintiff (and other employees) using two (2) checks each week, and without issuing an accurate receipt or

"wage statement" itemizing his hours worked, hourly rate of pay, and the calculation of compensation, as required under federal and state law. *See*, amended complaint, Docket 29.

On November 8, 2019, defendants filed an answer with three (3) counterclaims alleged by the corporate defendant L Plus L Productions LLC, dba Ofrenda Restaurant. See Docket 35. Defendant alleges three counterclaims under New York law—defamation, fraud and intentional infliction of emotional distress. *Id.*, ¶¶ 113-160.

In connection with its counterclaims, defendant alleges that it had produced a written "statement" of Fabian Octaviano which stated, *inter alia*, that he was paid "fairly" and did not wish to become a party to Mr. Zamora's lawsuit. It produced such statement in its opposition to plaintiff's motion to certify a collective action. When Mr. Octaviano retained counsel he acknowledged that defendants asked him to sign a statement but he alleged specific violations of wage and hour laws and stated that he did not believe the document produced by defendants was the statement he signed; and in any event, it was not accurate.

Only after plaintiff filed the complaint and made specific allegations of wage and hour violations (failure to pay overtime, spread of hours premiums; record keeping violations, *et. al.*), defendant filed a counterclaim alleging defamation, fraud and intentional infliction of emotional distress. For the reasons set forth herein, the three (3) counterclaims should be dismissed.

### III.  ARGUMENT

#### A.  DEFENDANT'S COUNTERCLAIMS MUST BE DISMISSED UNDER RULE 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant's counterclaims must be dismissed for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss, the party

asserting jurisdiction "has the burden or proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.* Here, defendant's New York State counterclaims do not present a federal question and defendants have not invoked this court's diversity jurisdiction. *See*, Answer, Docket 35. As such, there is no basis for the exercise of original subject matter jurisdiction, unless the defendant shows the counterclaims are either (1) compulsory under Rule 13 of the Federal Rules of Civil Procedure; or (2) so related to plaintiff's federal claims that an exercise of supplemental jurisdiction is appropriate.

## 1. DEFENDANT'S COUNTERCLAIMS ARE NOT COMPULSORY UNDER RULE 13

Compulsory counterclaims are claims that must be stated in a responsive pleading. Here there is no connection between plaintiff's wage and hour claims and defendant's state law tort claims, other than the unmistakable possibility that defendant's tort claims are retaliatory in nature and only commenced because plaintiff has filed a claim for unpaid wages and overtime. The resolution of plaintiff's wage and hour claims will involve inquiry into his hours and pay, and defendant's payroll practices, timekeeping and recordkeeping systems, and the duties and responsibilities of the employer *vis à vis* its obligation to pay overtime compensation under federal and state law. Defendant's counterclaims, by contrast, allege emotional and economic harm suffered by the defendant corporation, as a result of plaintiff's conduct. Defendant should not be permitted to confuse and pollute the issues to be litigated by bring such frivolous, and clearly retaliatory, state law claims.

Moreover, the alleged conduct, signing a document at the time of his decision to become a plaintiff herein, occurred long after the termination of his employment and there is no possible connection between plaintiff's hours and wages and defendant's allegations of defamation, fraud, and intentional infliction of emotional distress.

3

### 2.   SUPPLEMENTAL JURISDICTION IS LAKING BECAUSE THE COUNTERCLAIMS ARE NOT "SO RELATED" TO PLAINTIFF'S FLSA CLAIMS THAT THEY FORM THE SAME CASE OR COUNTROVERSY

As defendant's counterclaims are clearly not compulsory, they may be brought in this action only if defendant establishes a valid basis for the exercise of supplemental jurisdiction. In a civil action in which the court has original jurisdiction, the district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To constitute the same Article III case or controversy, the "state and federal claims much derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also, Ozawa v. Orsini Design Assoc.*, 2015 U.S. Dist. LEXIS 29933 at *32-34 (S.D.N.Y. 2015). In determining whether two disputes arise from a common nucleus of operative fact, courts inquire whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court. *Achtman v. Kirby, McInerney & Squire*, 464 F.3d 328, 335 (2d Cir. 2006).

Here, there is no common nucleus of operative fact that connects plaintiff's wage and hour claims to defendant's claims of defamation, fraud, and intentional infliction of emotional distress. The gravamen of plaintiff's FLSA claims is that defendants failed to comply with the assortment of legal requirements obligating them to pay their staff at the proper rate for all hours worked. The focus of defendant's counterclaims shift the case to the employer's alleged injuries for conduct which occurred long after plaintiff's termination. There is no overlap (much less substantial overlap) between the facts that underly plaintiff's wage and hour claims and defendant's post termination tort claims. The only possible connection is that defendants' claims

are blatantly retaliatory, brought because plaintiff filed the within action. While such conduct may yield damages for retaliation if defendant were to file suit in a different forum, retaliatory counterclaims to not vest this court with subject matter jurisdiction over the claims themselves.

### B.   DEFENDANT'S COUNTERCLAIMS SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

#### 1.   Cause of Action One – Defamation

It is not clear in the counterclaim what statement or statements defendant alleges constitutes defamation. Whether a statement is defamatory constitutes "a legal question to be resolved by the court in the first instance." *Golub v Enquirer/Star Group*, 89 NY.2d 1074, 1076, 681 NE.2d 1282, 659 NYS.2d 836 [1997]; *Armstrong v Simon & Schuster*, 85 NY.2d 373, 380, 649 NE.2d 825, 625 NYS.2d 477 [1995]; *Aronson v Wiersma*, 65 NY.2d 592, 593, 483 NE.2d 1138, 493 NYS.2d 1006 [1985]; *James v Gannett Co.*, 40 NY.2d 415, 419, 353 NE2d 834, 386 NYS.2d 871 [1976].

Moreover, defendant to date has refused to produce plaintiff's payroll records, which are expected to support plaintiff's claim that he worked in excess of forty (40) hours per week and was not paid overtime.

In addition, plaintiff fails to plead special damages. (*See Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 440-441, 166 NE2d 319, 199 NYS2d 33 [1960] [damages alleged in round figures with no attempt at itemization deemed representation of general damages]; *Akpinar v Moran*, 83 AD3d 458, 459, 922 NYS2d 8 [1st Dept 2011], *lv denied* 17 NY3d 707, 954 NE2d 89, 929 NYS2d 798 [2011] [allegation of loss of $17 million in venture funding from unspecified individuals insufficient]; *Larson v Albany Med. Ctr.*, 252 AD2d 936, 939, 676 NYS2d 293 [3d Dept 1998] [failure to itemize damages in pleading deemed representation of general damages; mere allegations of lost income insufficient]; *Talbot v Johnson Newspaper Corp.*, 124 AD2d

284, 286-287, 508 NYS2d 80 [3d Dept 1986] [plaintiff's burden to identify actual losses; particularization of harm to reputation and occupation insufficient].)

For these reasons, defendant's state law claim of defamation should be dismissed, *with prejudice.*

### 2.    Cause of Action Two – Fraud

To properly plead a common-law fraud claim, a plaintiff must allege a misrepresentation of a material fact, falsity of the misrepresentation, scienter, reasonable reliance on the alleged misrepresentation, and injury resulting from the reliance (*Small v Lorillard Tobacco Co.*, 94 NY.2d 43, 720 NE.2d 892, 698 NYS.2d 615 [1999]; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD.3d 273, 275, 798 NYS.2d 14 [1st Dept 2005]; *P.T. Bank Cent. Asia, NX Branch v ABN AMRO Bank N.V.*, 301 AD.2d 373 [1st Dept 2003]). The absence of any of these elements is fatal to a recovery on a claim for fraud (*Shea v Hambros PLC,* 244 AD.2d 39, 673 N.Y.S.2d 369 [1st Dept 1998]).

In addition, pursuant to CPLR 3016 (b), "[w]here a cause of action ... is based upon ...fraud... the circumstances constituting the wrong shall be stated in detail." "[Conclusory allegations" of fraud are insufficient (*Greschler v Greschler*, 51 NY.2d 368, 375, 414 N.E.2d 694, 434 NYS.2d 194 [1980]). In particular, "CPLR 3016 (b) requires that a complaint for fraud articulate the misconduct complained of, in sufficient detail to clearly inform each defendant of what their respective roles were in the incidents complained of (*Williams v Sidley Austin Brown & Wood, L.L.P.*, 15 Misc.3d 1125[A], *4, 841 N.Y.S.2d 222, 2007 NY Slip Op 50846[U],*3 [Sup Ct, NY County 2007] [citing *P.T. Bank Cent. Asia, NY Branch v ABN AMRO Bank N.V.*, 301 AD.2d at 377. Hence, "[e]ach of the foregoing elements must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016 (b)"

(*Cohen v Houseconnect Realty Corp.*, 289 AD.2d 277, 278, 734 NYS.2d 205 [2d Dept 2001]). Accordingly, dismissal of a claim for fraud is warranted where the requisite elements are not pleded with sufficient particularity (*Rabouin v Metropolitan Life Ins. Co.*, 307 AD.2d 843, 763 NYS.2d 576 [1st Dept 2003]; *Zaref v Berk & Michaels, P.C.*, 192 AD.2d 346, 595 NYS.2d 772 [1st Dept 1993]).

**3.    Cause of Action Three – Intentional Infliction of Emotional Distress**

The counter-claimant herein, a business entity doing business as a restaurant called Ofrenda, in Manhattan, asserts a state tort claim for "intentional infliction of emotional distress." The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. The conduct, alleging violations of wage and hour laws, is not extreme and outrageous as a matter of law. And it is not possible for a corporation to experience severe emotional distress. As such defendant's third cause of action alleging intentional infliction of emotional distress, should be dismissed with prejudice.

**C.    DEFENDANT'S COUNTERCLAIMS ARE RETALIATORY**

Finally, defendant Ofrenda has retaliated against Plaintiff Fabian Octaviano Marcelino, by filing the counterclaims in this case. The counterclaims seek compensatory and punitive damages simply because plaintiff filed a claim for unpaid wages and overtime. As such, defendant's actions constitute unlawful retaliation which, if countenanced, would have a chilling effect on the assertion by employees of their federal rights under the FLSA. As such, defendant's actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3). If the

claims are dismissed without prejudice in the federal court and brought in state court, plaintiff will seek to amend the complaint herein to allege illegal retaliatory conduct.

## IV. CONCLUSION

For all of the foregoing reasons, defendant's counterclaims should be dismissed, finding lack of subject matter jurisdiction, and/or failure to state a claim. If the counterclaims are dismissed without prejudice to refiling in state court, plaintiff should be permitted to amend the complaint to state a claim for illegal retaliation under the FLSA and New York Labor Law.

Dated: New York, New York
      November 18, 2019

Respectfully submitted,

By: _____
     Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
E-mail pcooper@jcpclaw.com

8