UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO ZAMORA, FABIAN OCTAVIANO MARCELINO,

                            *Plaintiff*,

        -against-

L PLUS L PRODUCTIONS LLC, DBA OFRENDA RESTAURANT, JORGE GUZMAN,

                            *Defendant*.

Case No: 19-CV-1506-GBD

---

## DEFENDANTS MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS MOTION FOR SANCTIONS

## The Landau Group, PC
**45 Rockefeller Plaza, Suite 2000**
**New York, New York 10111**
**(212) 537-4025**

*Attorneys for Defendant L Plus L Productions, LLC (dba Ofrenda Restaurant)*

## TABLE OF CONTENTS

**PAGE**

Table of Authorities Cited     i

I.    INTRODUCTION.     1

II.    ARGUMENT.     1

III.    DEFENDANTS REQUEST FOR SANCTIONS.     2

IV.    CONCLUSION/RELIEF REQUESTED.     3

# TABLE OF AUTHORITIES CITED

**CASES**                                                                                         **PAGE(S)**

*Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir.2000)                                                           1

*Mealus v. Nirvana Spring Water N.Y. Inc.*, 2015 WL 4546023
 (N.D.N.Y. July 28, 2015)                                                                                 1

*O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir.1996)                                                 1

*Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir.2004)                                               2

*Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2nd Cir. 1995)                                                 2

*Scientific Components Corp. v. Sirenza Microdevices, Inc.*,
 2007 WL 1026411, at *2 (E.D.N.Y. Mar. 30 2007)                                                           1


**COURT RULES AND STATUTES**

Rule 11 of the Federal Rules of Civil Procedure                                                         1-3

Defendants L Plus L Productions, LLC, and Jorge Guzman respectfully submit this memorandum of law in opposition to Plaintiffs Motion for Sanctions.

## I.      INTRODUCTION.

Plaintiffs Rule 11 Motion lacks legal and factual merit and serves no other purpose than to distract the Court from the Defendants' pre-existing Motion for partial Summary Judgment.  It needlessly increases the Plaintiff's costs of litigation and further wastes the time and judicial resources of this Honorable Court.

## II.     ARGUMENT.

Rule 11 of the Federal Rules of Civil Procedure requires attorneys filing papers with the court to certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3).

"[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness." *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir.2000). In addition, Rule 11 "sanctions may not be imposed unless a particular [factual] allegation is utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir.1996). Indeed, " Rule 11 sanctions are not warranted where the 'evidentiary support is merely weak and the claim is unlikely to prevail.' " *Mealus v. Nirvana Spring Water N.Y. Inc*., 2015 WL 4546023, at *6 (N.D.N.Y. July 28, 2015) (quoting *Scientific Components Corp. v. Sirenza Microdevices, Inc.,* 2007 WL 1026411, at *2 (E.D.N.Y. Mar. 30 2007)). And "[e]ven if the district court concludes that the assertion of a given claim violates Rule 11... [t]he decision whether to impose a sanction for a

Rule 11(b) violation is ... committed to the district court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir.2004).

In the instant case, Defendants' motion for partial summary judgment has been fully brief with relevant authority substantiating their position and includes reference to admissible evidence in support of said motion. Defendants' Summary Judgment Motion was filed for a proper purpose and is in no way 'frivolous' or 'utterly lacking in support'.

Alternatively, Defendants' Summary Judgment Motion raises issues ripe for the Court's review and adjudication, particularly when one of the principal issues presented, requires Plaintiffs to satisfy their hefty evidentiary burden and prove a willful violation of the FLSA and NYLL in order for the imposition of liquidated damages to even be considered
In order for the Plaintiff to be entitled to the liquidated damages they seek, it is the Plaintiff's obligation to prove reckless disregard for whether its conduct was prohibited by the statute. *Reich v. Waldbaum, Inc*., 52 F.3d 35, 39 (2nd Cir. 1995.) Even if an employer acts unreasonably but not recklessly, the action should not be considered willful. *Id.*

### III.    DEFENDANTS' REQUEST FOR SANCTIONS.

Plaintiffs Motion for Sanctions is not briefed or supported by any legal authority. It merely contains a 2 ½ page Affirmation from counsel that is based, or references, arguments made in response to Defendants pending Motion for Summary Judgment.

Plaintiffs fail to brief Rule 11, or the standard of the Court addressing a Rule 11 Motion for Sanctions. This alone may be cause for sanctions against the moving party. Rather, Plaintiffs' Motion was incomplete, poorly drafted and filed for an improper purpose, which is objectively unreasonable in violation of Rule 11. Therefore, the Court should sanction Plaintiffs and award Defendants the costs of having to respond.

2

3

IV. **CONCLUSION/RELIEF REQUESTED.**

WHEREFORE, Defendants L Plus L Productions, LLC ("Ofrenda") and Jorge Guzman respectfully request the following relief:

a. That the Court deny Plaintiffs Rule 11 Motion for Sanctions in its entirety; and

b. That the Court award costs and attorney fees for Plaintiffs frivolous and baseless motion for sanction in violation of Rule 11.

Dated: New York, New York
August 4, 2020

Respectfully submitted,

**THE LANDAU GROUP, PC**

By: /s/ Kevin A. Landau
_____
Kevin A. Landau
Zachary R. Landau
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
212.537.4025
zach@thelandaugroup.com

*Attorneys for Defendants*

3