UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO ZAMORA and,
FABIAN OCTAVIANO MARCELINO,
on behalf of themselves, and others
similarly situated,

              Plaintiff,

  - against -

L PLUS L PRODUCTIONS LLC,
*dba* OFRENDA RESTAURANT;
or any other business entity doing business as
OFRENDA RESTAURANT, located at
113 7th Avenue South, New York, New York 10014,
and JORGE GUZMAN, individually,

              Defendants.

Case No.: 19 CV 1506
(RWL)

---

## SETTLEMENT AGREEMENT
## RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiffs Fernando Zamora and Fabian Octaviano Marcelino ("Plaintiffs" or "Releasors"), and L Plus L Productions LLC, dba Ofrenda Restaurant (referred to as "Ofrenda Restaurant" or the "Company"), and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Jorge Guzman, individually (together with the Company, collectively referred to herein as the "Defendants" or "Releasees"), each jointly and severally.

WHEREAS, on October 21, 2019, Plaintiffs filed the amended complaint in the captioned suit for damages in the United States District Court for the Southern District of New York, alleging claims for, among other things, unpaid minimum overtime compensation pursuant to the federal Fair Labor Standards Act and New York State Labor Law (the "Complaint"); and,

1

WHEREAS, the Defendants have contested the claims set forth in the Complaint and deny any and all liability; and,

WHEREAS, Plaintiffs and the Defendants now desire to settle Plaintiffs' claims and to resolve fully all matters of dispute between them, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiffs and the Defendants hereby agree as follows:

### A. Consideration

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the following settlement, as agreed upon by the parties following non-binding court assisted mediation:

    a. Defendants, jointly and severally, shall pay the sum of eighty-five thousand dollars ($85,000.00) in total ("Settlement Amount"). Defendants shall satisfy the Settlement Amount in the following installments: The First Payment of thirty-five thousand dollars ($35,000.00) will be made within thirty (30) days from the court's approval of the settlement. Payment Nos. Two, Three and Four shall begin thirty (30) days after the First Payment and continue each thirty (30) days thereafter for a ninety (90) day period. Each payment will be for two thousand five hundred dollars, respectively. The balance of the Settlement Amount will represent Payment Nos. Five through Ten and commence thirty (30) days after the Fourth Payment. Each such

payment will be made in the amount of seven thousand eighty-three dollars and thirty-three cents ($7,083.33), due every thirty (30) days thereafter. The sums will be collected on the plaintiffs' behalf and are to be payable to and delivered to "Cilenti & Cooper, PLLC, as attorneys", at 10 Grand Central, 155 East 44th Street, 6th Floor, New York, NY 10017 on or before the due date. Should the Company wish to provide post-dated checks they will be presented on or after the dates specified thereon.

    b. Cilenti & Cooper will issue an IRS Form W9 to the Defendants for the Settlement Amount at an appropriate time.

2. The settlement payments described herein shall be paid to Plaintiffs in exchange for Plaintiffs' release of claims and other promises below, and in full and complete settlement all claims between the parties. The parties understand the settlement will be distributed as follows: Fernando Zamora: $34,000; and Fabian Octaviano Marcelino: $22,000; Cilenti & Cooper, PLLC: $29,000 in full satisfaction of attorneys' fees and costs. Cilenti and Cooper shall be solely responsible to distribute the correct amounts to the plaintiff as a proportionate share of each settlement payment.

3. Plaintiffs and their counsel, Cilenti and Cooper, further agree that they will be responsible for any taxes, including any payroll taxes and income taxes, due on the payments pursuant to this Paragraph and agree to indemnify and hold harmless Defendants for any such liability with respect to such payments.

    **B.**    **Penalty For Late Payment**

In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to this Agreement, Plaintiffs shall provide notice of the default by email to Defendants' counsel Zachary R. Landau, Esq., E-mail: zach@thelandaugroup.com. The Defendants will then have ten (10) business days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, plaintiffs may submit the matter to the presiding judge for a hearing and enforcement procedures.

### Release:

In consideration for the payments provided for in this Agreement, Plaintiffs hereby irrevocably and unconditionally waive, release and forever discharge Defendants and all of their related and/or affiliated companies, partners, and constituent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators, arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as all associated attorneys' fees and costs.

### D.   Agreement To Refrain From Filing or Joining Claims

Plaintiffs represent that they are not currently participating in any other proceeding pending against any of the Defendants, except the federal Complaint released herewith. Plaintiffs also agree not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

### E. Dismissal of the Complaint

Within five (5) days after payments have been satisfied, Plaintiffs and Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal, ("Stipulation") dismissing this action against the Defendants with prejudice. Pursuant to the Court's instructions, the parties agree to submit this Agreement, the Stipulation, and any associated material on the public docket for the Court's review and consideration for purposes of assessing the fairness of the Agreement's terms. The parties agree to ask the District Court to retain jurisdiction for purposes of enforcing this Agreement.

### F. Representations and Acknowledgements

1. Plaintiffs and Defendants represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between the attorneys of the Parties. Plaintiff and Defendants further represent that:

    (a) They have reviewed each and every provision of this Agreement;

    (b) That this Agreement appears to them to have been written in a manner calculated to be understood by them;

    (c) They in fact fully understand this Agreement, including the release of claims.

    (d) Cilenti & Cooper have provided a legal translation and or full explanation of the terms of this Settlement Agreement in Spanish anmd shall solely assume all liability if either plaintiff at any time asserts claims to have not understood the terms of this Settlement Agreement and Release of Claims.

5

2. The Parties also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3. The Parties further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

G. **Non-Admissions**

1. Plaintiffs agree that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used

by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### H. Attorneys' Fees and Costs

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

### I. Non-Disparagement

Plaintiffs shall not make any oral or written statement about any of the Defendants which is intended or reasonably likely to disparage any of the Defendants jointly or severally, or otherwise degrade the Defendants' reputation in the business community or restaurant/hospitality industry. Notwithstanding the forgoing, this provision does not extend to statements of incontrovertible truth.

### J. Complete Agreement

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### K. Additional Terms

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The Parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the Parties. This Agreement may not be modified orally.

5. This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, and/or facsimile signatures will be recognized with same force and effect as originals.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Fernando Zamora
12/21/2020

By: _____
Fabian Octaviano Marcelino
12/21/2020

[Remainder of Page Intentionally Left Blank]

By: _____
Jorge Guzman


L PLUS L PRODUCTIONS LLC

By: _____
JORGE GUZMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO ZAMORA and,
FABIAN OCTAVIANO MARCELINO,
on behalf of themselves, and others
similarly situated,

                Plaintiff,

- against -

L PLUS L PRODUCTIONS LLC,
*dba* OFRENDA RESTAURANT;
or any other business entity doing business as
OFRENDA RESTAURANT, located at
113 7th Avenue South, New York, New York 10014,
and JORGE GUZMAN, individually,

                Defendants.

Case No.: 19 CV 1506 (RWL)

---

The matter in the above-captioned action having been amicably resolved by and between the parties, and the court having approved the settlement as a fair and reasonable, it is hereby stipulated and agreed, pursuant to Federal Rule of Civil Procedure 41(a)(2), that the case shall be, and hereby is, dismissed with prejudice and without costs or attorneys' fees against any party. The court shall retain jurisdiction to enforce the parties' settlement agreement.

Dated: New York, New York
      December 29, 2020

CILENTI & COOPER, PLLC
Attorneys for Plaintiff

_____
Peter H. Cooper, Esq.

THE LANDAU GROUP PC
Attorneys for Defendants

_____
Zachary R. Landau, Esq.

So Ordered:

_____
Robert W. Lehrburger, U.S.M.J.